# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES SIMON,<br><br>        Plaintiff,<br><br>v.<br><br>DANNY BICKELL, *et al.*,<br><br>        Defendants. | Civil Action 09-01983 (HHK) |

## MEMORANDUM OPINION

Charles Simon, proceeding *pro se*, brings this action against United States Supreme Court clerks Jeffrey Atkins and Danny Bickell; Assistant United States Attorney Wynne P. Kelly and three John Doe attorneys in their official capacities;[1] Federal Prison Industries, Inc. ("FPI"); and Steve Shwalb, in his official capacity as Chief Operating Officer of FPI (collectively "defendants"). Simon's allegations relate to the compensation awarded to him as a result of a work-related injury he suffered while in prison.

Before the Court is Defendants' Motion to Dismiss Simon's Complaint [#11] and Simon's Motion for Rule 11 Sanctions against the defendants and their attorney, Assistant U.S. Attorney Christian A. Natiello [#16]. Upon consideration of the motions, the oppositions thereto, and the record of this case, the Court concludes that defendants' motion must be granted and Simon's motion must be denied.

---

[1] The claims against the John Doe attorneys appear to be identical to the claims against Kelly. These claims, therefore, will not be addressed separately and will be resolved along with the claims against Kelly.

I. BACKGROUND

Simon's allegations stem from an injury he suffered in 1987, while a prisoner at a correctional facility in Oxford, Wisconsin.[2] As compensation for his injury, Simon was awarded $73.67 per month. Over the last two decades, Simon filed numerous suits in various districts, including the District of Columbia, challenging the amount awarded to him under the Inmate Accident Compensation Act, 18 U.S.C. § 4126 *et seq.*, the validity of the statutes and regulations governing the calculation of the award, and related motions. *See, e.g.*, *Simon v. Fed. Prison Indus., Inc.*, 238 F. App'x 623 (D.C. Cir. 2007); *Simon v. Robinson*, 219 F. App'x 137 (3d Cir. 2007); *Simon v. Robinson*, 196 F. App'x 54 (3d Cir. 2006); *Simon v. Fed. Prison Indus., Inc.*, 91 F. App'x 161 (1st Cir. 2004); *Simon v. Fed. Prison Indus., Inc.*, 159 F.3d 637 (unpublished table decision) (D.C. Cir. May 13, 1998); *Simon v. Fed. Prison Indus., Inc.*, 1997 WL 811741 (D.C. Cir. Dec. 23, 1997); *Simon v. Fed. Prison Indus., Inc.*, 2009 WL 2618349 (D.D.C. Aug. 24, 2009); *Simon v. Robinson*, 2006 WL 462671 (D.N.J. Feb. 24, 2006).[3] In this case, Simon once more asserts claims arising from his injury and subsequent compensation award.

A.   **Simon's Original and Amended Complaint**

Simon has filed both a Complaint [#1] and an "Amended Complaint Rule 15 F.R.C.P. In Support of Order to Show Cause for Preliminary Injunction Pursuant First Amendment Deprivation" [#4]. These complaints are not consistent, and the amended complaint contains

---

[2] Simon slipped and fell while working in the dishwashing area of the correctional facility. According to Simon, this accident permanently aggravated a pre-existing back injury he suffered prior to his incarceration.

[3] This list includes only a sample of opinions published on Westlaw; numerous unpublished motions and orders related to Simon's lawsuits also exist.

new claims and allegations and omits claims and allegations contained in the original Complaint. Under normal circumstances, the Court would consider only the claims presented in the amended complaint. *See Anderson v. USAA Cas. Ins. Co.*, 218 F.R.D. 307, 311 (D.D.C. 2003) (noting that an amended complaint supersedes the original complaint, and thus becomes the operative complaint in the litigation). Because Simon is a *pro se* plaintiff, however, the Court will afford him leeway and consider the claims presented in both complaints. *See Atherton v. Dist. of Columbia Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))).

Together, Simon's complaints present a great number of allegations. These allegations can be divided into three categories: claims relating to Simon's inmate compensation award and the validity of the inmate compensation system; claims relating to individuals in the judicial system and their treatment of Simon's previous lawsuits; and a request for a preliminary injunction.

In the first category of claims, Simon appears to allege violations of his civil rights under the First and Fifth Amendments to the Constitution and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and to make claims regarding an alleged failure to comply with the requirements of the Administrative Procedure Act, 5 U.S.C. § 701 *et. seq.*, the Inmate Accident Compensation Act, 28 C.F.R. § 301.314 *et seq.*, and the Prison Industries Fund, 18 U.S.C. § 4126. The complaints do not indicate which claims apply to which defendants.

Second, Simon makes specific allegations against various individuals in the judicial system who have handled his cases in the past. He sues Supreme Court clerks Atkins and Bickell

for their refusal to submit Simon's application for injunctive relief to Justice Ruth Bader Ginsburg pursuant to Supreme Court Rule 22 and demands one million dollars in damages from each clerk under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Compl. ¶ 8. He appears to request the imposition of sanctions pursuant to Federal Rule of Civil Procedure 11 on Assistant United States Attorney Kelly and three John Doe attorneys for their use of Rule 12(b)(6) motions,[4] and requests five million dollars in damages from each of these attorneys under *Bivens*. Id. ¶ 9.[5]

Lastly, Simon appears to request the issuance of a preliminary injunction requiring the recalculation of his compensation award and judicial review by Justice Ginsburg under Supreme Court Rule 22. Am. Compl. ¶ 11.

---

[4] A request for Rule 11 sanctions must be made by a separately filed motion and must describe the specific conduct that allegedly violates Rule 11. Fed. R. Civ. P. 11(c)(2). To the extent that Simon requests Rule 11 sanctions against Assistant United States Attorney Kelly and three John Doe attorneys, the request is denied both because it is not made in a separately filed motion and because it has no merit.

[5] Simon also asserts grievances against certain judges, but none of them has been made a party to this suit. For instance, Simon invokes the Independent Counsel provisions of 28 U.S.C. § 594 to object to unnamed judges' alleged failure to properly calculate his award under the Inmate Accident Compensation Act. Compl. ¶ 10. Simon also makes a less than clear allegation involving Judge Eric Vitaliano of the U.S. District Court for the Eastern District of New York and his "recusal" and "bias" which "chilled [Simon's] First Amendment right to appellate review contemplated by 28 U.S.C. section 1291." Am. Compl. ¶ 1. Because none of the judges who are the subject of Simon's grievances are parties to this suit, there is no cause to consider them.

## II. ANALYSIS

A.  **Res Judicata and Collateral Estoppel Bar Many of the Claims in Simon's Complaints.**

Defendants argue that Simon claims regarding his inmate compensation award are barred by claim preclusion principles and thus are subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants point out that Simon either has raised or could have raised these claims in his prior lawsuits. The defendants' position has merit.

1.  **Res Judicata Bars Simon's Claims Against FPI and Shwalb.**

The doctrine of res judicata holds that "a judgment on the merits in a prior suit bars a second suit involving identical parties . . . based on the same cause of action." *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004). Res judicata prevents the relitigation of both issues raised in the original action and issues that could have been raised there. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Appalachian Power Co. v. EPA*, 251 F.3d 1026, 1033–34 (D.C. Cir. 2001). In short, the doctrine embodies the principle "that a party who once has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *SBC Commc'ns Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir. 2005) (quoting RESTATEMENT (SECOND) OF JUDGMENTS 6 (1982)) (emphasis in original).

In this case, res judicata prevents Simon from litigating his claims against FPI and Schwalb, parties that Simon has sued many times in the past asserting causes of action related to his inmate accident compensation award. *See Simon v. Fed. Prison Indus., Inc*, 2003 U.S. Dist. Lexis 27268, at *2–3 (D. Mass. July 15, 2003) (noting that "this filing constitutes at least the seventh attempt by [Simon] to bring claims against FPI" and the fifth attempt to bring claims

against Schwalb). In this district alone, Simon has filed several lawsuits against FPI and Schwalb related to his November 1987 injury and subsequent compensation award. *See Simon v. Fed. Prison Indus., Inc.*, 2009 WL 2618349 (D.D.C. Aug. 24, 2009) (summarizing previous cases in this district and dismissing Simon's complaint against FPI and Schwalb as "plainly barred by the doctrine of res judicata"); *see also Simon v. Fed. Prison Indus., Inc.*, 159 F.3d 637 (unpublished table decision) (D.C. Cir. May 13, 1998) (affirming district court's judgment and holding that Simon's compensation award under the Inmate Accident Compensation Act was properly calculated and Simon's challenge to the validity of the inmate compensation system was meritless). All of these cases are based on the same nucleus of facts relating to his inmate compensation award and contain claims that arise out of his objections to that award and the inmate compensation system. Consequently, Simon's claims here against FPI and Schwalb are barred by the doctrine of res judicata, including any new claims he makes involving the award and the inmate compensation system.

Accordingly, defendants' motion to dismiss is granted as to all claims against FPI and Schwalb.

2.  **Collateral Estoppel Prevents Simon From Litigating the Appropriate Calculation of His Compensation Award Against the Other Named Defendants.**

Under the related doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *McCurry*, 449 U.S. at 94. Here, collateral estoppel bars Simon from further litigating the issue of the calculation of his inmate accident compensation award with any defendant. *Cf.* RESTATEMENT (SECOND) OF JUDGMENTS §

29 (1982) (stating that "[a] party precluded from relitigating an issue with an opposing party . . . is also precluded from doing so with another person" except under certain circumstances not applicable here). As cited above, courts have already determined that Simon's inmate accident compensation award was calculated appropriately. *See e.g.*, *Simon v. Fed. Prison Indus., Inc.*,159 F.3d 637 (unpublished table decision) (D.C. Cir. May 13, 1998) (affirming district court's merits-based judgment). Thus, to the extent that Simon continues to challenge his inmate accident compensation or the validity of the inmate compensation system, his claims are barred by the doctrine of collateral estoppel. Simon cannot continue to waste judicial resources with "repeated litigation of the same issue as long as the supply of unrelated defendants holds out." *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971).

Accordingly, defendants' motion to dismiss is granted as to all of Simon's claims related to his inmate accident compensation award and the validity of the inmate compensation system.

**B.     Simon's Claims Against Remaining Defendants.**

Defendants argue that Simon has failed to plead a proper *Bivens* action against the remaining defendants, Bickell, Atkins and Kelly, because Simon cannot show a constitutional violation has occurred and these defendants are entitled to either absolute or qualified immunity. Defendants are correct. Simon's *Bivens* claims against Atkins, Bickell, and Kelly in their individual capacities lack merit and fail on immunity grounds, inasmuch as Atkins, Bickell, and Kelly are entitled to absolute immunity.

1. **Claims Against Defendants in their Individual Capacities**

   a. **Atkins and Bickell**[6]

The D.C. Circuit has held that "clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam). Such immunity applies to "all acts of auxiliary court personnel that are basic and integral parts of the judicial function, unless those acts are done in the clear absence of all jurisdiction." *Id.* at 1461 (internal quotation omitted). Thus, clerks who perform ministerial tasks are entitled to absolute immunity as long as their acts are "integral parts of the judicial process" and within the clerks' jurisdiction. *See Sobamowo v. Bonner*, 1 F.3d 45, at *3 (D.C. Cir. 1993) (unpublished table decision) (quoting *Sindram*, 986 F.2d at 1461) (holding that court clerk actions such as "accepting filings and signing orders 'for the court'" are "integral parts of the judicial process" as to which clerks are entitled to absolute immunity); *Reddy v. O'Connor*, 520 F. Supp. 2d 124, 130 (D.D.C. 2007) (finding that a clerk's "receipt and processing of plaintiff's attempted filings" to be "part and parcel of the process of adjudicating cases" and therefore the clerk was protected by absolute immunity).

The acts of the Supreme Court clerks about which Simon complains, insofar as the complaint states them intelligibly, relate to the dismissal of Simon's Rule 22 application. The consideration and denial of such applications to the Court are "integral parts" of the judicial process and within the clerks' jurisdiction. Accordingly, Simon's claims against Atkins and Bickell in their individual capacities shall be dismissed.

---

[6] It is not apparent from Simon's complaint whether Atkins and Bickell are clerks of the court or law clerks assigned to a specific Justice. For the purposes of this motion, however, the distinction is not relevant.

> **b. Kelly**

Kelly is an Assistant United States Attorney (AUSA) employed by the United States to represent its interests. Government attorneys are entitled to absolute immunity with regard to their actions in carrying out their role in the judicial process. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1975) (prosecutors accorded absolute immunity); *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986) (absolute immunity extended to governmental civil attorneys); *Ruiz Rivera v. Holder*, 666 F. Supp. 2d 82, 94–95 (D.D.C. 2009) (government defense attorneys entitled to absolute immunity in their defense of a federal government agency); *Bennett v. Stephens*, 1989 WL 17751, at *1 (D.D.C. Feb. 23, 1989) (civil AUSAs entitled to absolute immunity). Such immunity attaches when the government attorney acts as an "advocate" within the scope of her duties. *See Gray v. Bell*, 712 F.2d 490, 499–502 (D.C. Cir. 1983) (noting that absolute prosecutorial immunity extends only to advocatory conduct); *Ruiz Rivera*, 666 F. Supp. 2d at 95 (finding government defense attorneys entitled to absolute immunity because their conduct "was plainly advocatory in nature").

A review of Simon's complaint indicates that his claims for damages against Kelly are based on Kelly's filing of motions to dismiss in a previous case. Kelly's decision to file motions to dismiss certainly falls within the ambit of acting as an "advocate" for the government; therefore, Kelly is entitled to absolute immunity for the conduct alleged by Simon.[7] Thus,

---

[7] Simon appears to allege that Kelly's filing of motions to dismiss constitutes "moving papers to conspire to obstruct justice." Compl. ¶ 9. Simon offers no facts to support this assertion. Furthermore, the Court notes that absolute immunity attaches "even where the plaintiff's allegations impute 'malicious or dishonest' conduct" to the government lawyer. *See Ruiz Rivera*, 666 F. Supp. 2d at 94–95 (citing *Imbler*, 424 U.S. at 427–28).

Simon's claims against Kelly in his individual capacity shall be dismissed.[8]

## 2. Claims Against Defendants in Their Official Capacities

It is unclear from Simon's complaint if Simon seeks damages against Atkins, Bickell, and Kelly in their official capacities as federal employees. If he does, such claims are barred by sovereign immunity. *See Clark v. Library of Cong.*, 750 F.2d 89, 103 (D.C. Cir. 1984) ("Sovereign immunity . . . bar[s] suits for money damages against officials in their *official* capacity absent a specific waiver by the government." (emphasis in original)). Accordingly, to the extent that Simon makes claims for damages from Atkins, Bickell, and Kelly in their official capacities, such claims are dismissed.

## C. Simon's Request for A Preliminary Injunction.

Lastly, Simon appears to seek an injunction under the Administrative Procedure Act. Defendants interpret Simon's request as seeking an injunction so that his inmate compensation award can be re-adjudicated. Based on this interpretation, defendants argue that Simon's claim for injunctive relief should be dismissed because it is time-barred.

The Court, however, reads Simon's complaint as seeking judicial review by Justice Ginsburg of the Prison Industries Fund. As a result, the Court shall dismiss this claim because it

---

[8] Even if Atkins, Bickell, and Kelly were not entitled to absolute immunity, they would be entitled to qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "A plaintiff who seeks damages for violation of constitutional or statutory rights may overcome the defendant official's qualified immunity only by showing that those rights were clearly established at the time of the conduct at issue." *Davis v. Scherer*, 468 U.S. 183, 197 (1984). Here, Simon has not made any allegation on the basis of which a court could determine that Atkins, Bickell, or Kelly violated any clearly established constitutional rights.

is "axiomatic" that a U.S. District Court may not order an individual Supreme Court Justice to take a specific action not required by law. *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take action." (quoting *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979)); *see also Hilska v. Suter*, 308 F. App'x 451, 452 (D.C. Cir. 2009) ("Lower courts have no supervisory authority over the Supreme Court or its employees.").

### D. Simon's Motion for Rule 11 Sanctions.

Simon moves for the imposition of sanctions against Assistant U.S. Attorney Christian A. Natiello and the defendants "for requesting relief" in their motions to dismiss in this case. Pl.'s Mot. for Rule 11 Sanctions at 1. Natiello and defendants argue that the motion for sanctions is without merit because the motion to dismiss filed was proper and the arguments contained in it are, at the very least, colorable. Defendants are correct. Indeed, because defendants' motion to dismiss has merit and will be granted, it necessarily follows that there is no basis for Simon's motion.[6]

---

[6] Rule 11 of the Federal Rules of Civil Procedure permits the imposition of sanctions if an attorney files papers before the court for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). "'The test [for sanctions] under Rule 11 is an objective one: that is, whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim.'" *Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp. 2d 93, 100 (quoting *Reynolds v. U.S. Capitol Police Bd.*, 357 F. Supp. 2d 19, 23 (D.D.C. 2004)).

## IV.

For the foregoing reasons, the Court concludes that defendants' motion to dismiss [#11] must be granted and Simon's motion for Rule 11 sanctions [#16] must be denied. An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.
United States District Judge